IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ALVIN A. TORRES,<br><br>            Plaintiff,<br><br>    vs.<br><br>JO ANNE B. BARNHART,<br>Commissioner of Social<br>Security,<br><br>            Defendant.<br>_____ | ) CIVIL NO.  05-00255 HG-KSC<br>)<br>) FINDINGS AND<br>) RECOMMENDATION TO AFFIRM<br>) THE DECISION OF THE<br>) ADMINISTRATIVE LAW JUDGE<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

FINDINGS AND RECOMMENDATION TO AFFIRM
THE DECISION OF THE ADMINISTRATIVE LAW JUDGE

On January 18, 2006[1], Plaintiff Alvin A. Torres ("Plaintiff") filed this action against Defendant Jo Anne B. Barnhart, Commissioner of Social Security ("Defendant"), challenging Defendant's decision denying Plaintiff Disability Insurance Benefits or Supplemental

---

[1] Plaintiff incorrectly filed this action as a Motion for Summary Judgment or Remand on November 28, 2005. Plaintiff resubmitted his motion in the proper format as an Opening Brief on January 18, 2006. On January 20, 2006, the parties filed a stipulation to the timely filing of Plaintiff's action.

Security Income under Titles II or XVI of the Social Security Act.  Plaintiff is appealing the Administrative Law Judge's ("ALJ") decision and seeking a remand for calculation and awarding of benefits or, alternatively, for a new hearing and decision.

Pursuant to Federal Rule of Civil Procedure ("Rule") 54(d)(1), this matter was designated to this Court by United States Chief District Judge Helen Gillmor on July 5, 2005.

Pursuant to Local Rule 7.2(d) of the Local Rules for the United States District Court for the District of Hawaii, the Court finds this matter suitable for disposition without a hearing.

The Court having carefully considered the written submissions and the record herein, FINDS AND RECOMMENDS that the decision of the ALJ be AFFIRMED.

## BACKGROUND

Plaintiff was born on June 30, 1972 and was twenty-eight (28) years old at the time of the onset of his disability on December 27, 2000.  Administrative Record dated May 28, 2005 ("AR") at 83.  Plaintiff is a

high school graduate and attended community college for two years. AR at 701-02. Plaintiff studied computers and computer science. AR at 702. Plaintiff did not graduate. Id. Following his course work, Plaintiff began working as a computer technician in 1990 and worked in this field for approximately five years. AR at 702-05.

Plaintiff claims he stopped working as a computer technician in 1995 because of neck pain and headaches resulting from a car accident in 1986. AR at 705-07. In May 2000, Plaintiff resumed work as a grounds manager maintaining sprinkler systems and landscaping. AR at 712-13. On January 27, 2001, Plaintiff was terminated due to poor attendance. AR at 713.

Plaintiff claimed that he lived with his parents, did no household chores, and drove only when necessary. AR at 711-12. Plaintiff stated that he is taking pain medication that makes him drowsy and makes it difficult for him to concentrate, focus, and remember. AR at 710.

In May 2001 Plaintiff filed an application for Disability Insurance Benefits ("DIB").  In July 2001, Plaintiff filed an application for Supplemental Security Income ("SSI").  In his applications, Plaintiff alleged disability since August 1, 1996.  AR at 20-21, 79-81, 649-51.

Plaintiff's applications were denied initially and upon reconsideration.  Plaintiff timely requested a hearing before an ALJ.  AR at 46-49, 52-54, 59-60, 654-57, 659-61)[2].  On June 12, 2003, a hearing was held before ALJ Henry M. Tai.  AR at 698-721.  Plaintiff was represented by counsel and testified on his own behalf.  Vocational Expert ("VE") Gwen Keliihoomalu also testified.

At the hearing, the VE testified that Plaintiff's past work as a computer technician and a

---

[2] Plaintiff's previous applications for DIB and SSI filed in 1998 were also denied after reconsideration and Plaintiff did not seek further review of those decisions.  AR at 20. The earliest that Plaintiff could be found disabled is the date following the reconsideration denial rather than his 1996 alleged onset date.

4

landscape maintenance person was semi-skilled and heavy in exertion. AR at 717. She also testified that Plaintiff should have transferrable skills such as knowledge of electronic and electrical circuitry, computers, the ability to make decisions, and mathematical ability. These skills would transfer to other occupations which were semi-skilled and light in exertion. AR at 717-18.

On September 4, 2003, the ALJ issued a decision in which he found that Plaintiff was not disabled. AR at 20-31. On February 10, 2005, the Appeals Council denied Plaintiff's request for review of the ALJ's decision. AR at 8-10. Plaintiff has filed the instant action appealing the ALJ's decision pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Pursuant to 42 U.S.C. §

1383(c)(3): "[t]he final determination of the Commissioner of Social Security after a hearing under paragraph (1) shall be subject to judicial review as provided in section 405(g) of this title to the same extent as the Commissioner's final determinations under section 405 of this title."

The findings of fact by the administrative law judge are affirmed if they are supported by "substantial evidence" and if the proper legal standard was applied.  Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005); Mayes v. Massanari, 276 F.3d 453, 458-59 (9th Cir. 2001).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion, considering the record as a whole. Burch, 400 F.3d at 679.  Whether substantial evidence supports a finding is determined from the record as a whole, with the court weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion.  Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

The ALJ, as the finder of fact, is responsible for weighing the evidence, resolving conflicts and ambiguities, and determining credibility. Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995). "If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." Matney v. Sullivan, 981 F.2d 1016, 1018 (9th Cir. 1992); See also Burch, 400 F.3d at 679.

## DISCUSSION

Plaintiff claims that he is entitled to DIB or SSI under Titles II or XVI of the Social Security Act. Specifically, Plaintiff argues that the ALJ erred in finding that he was not disabled to the extent that (1) the ALJ improperly rejected the functional capacity assessments of his treating physician, Dr. Lum, and (2) the ALJ failed to consider the side effects of his medications in determining his residual functional capacity.

In order to be eligible for disability or social security benefits, Plaintiff must show that he

is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).  Since Plaintiff was only insured for disability benefits through December 31, 2002, he must establish that he had a disability on or prior to that date. AR at 21.

      In evaluating whether Plaintiff was disabled, the ALJ used a five-step process.  See 20 C.F.R. § 404.1520 (2004).[3]  After considering the first four

---

[3] "In step one, the ALJ determines whether a claimant is currently engaged substantial gainful activity. If so, the claimant is not disabled. If not, the ALJ proceeds to step two and evaluates whether the claimant has a medically severe impairment or combination of impairments.  If not, the claimant is not disabled.  If so, the ALJ proceeds to step three and considers  whether the impairment or combination of impairments meets or equals a listed impairment under 20 C.F. R. Pt. 404, subpt. P, App.1.  If so, the claimant is automatically presumed disabled.  If not, the ALJ proceeds to step four and assesses whether the claimant is capable of performing her past relevant work.  If so, the claimant is not disabled.  If not, the ALJ proceeds to step five and examines whether the claimant has the residual functional capacity to

criteria, the ALJ analyzed whether Plaintiff retained the residual functional capacity[4] to perform the requirements of his past relevant work or other work existing in significant numbers in the national economy. AR at 22.

Plaintiff claims that in considering his residual functional capacity, the ALJ erred by (1) rejecting the functional capacity assessments of his treating physician, Dr. Lum, and (2) by failing to consider the side effects of his medications.

> A.  The ALJ Did Not Err in Failing to Give Dr. Lum's Opinion Controlling Weight

Plaintiff argues that the rationales cited by the ALJ for rejecting Dr. Lum's opinions, mainly that the opinions relied exclusively upon a February 2000 cervical MRI and that the doctor's chart notes were

---

perform any other substantial gainful activity in the national economy. If so, the claimant is not disabled." Burch, 400 F.3d at 679.

[4] "Residual functional capacity" is defined as the most an individual can still do after considering the effect of physical and/or mental limitations that affect the ability to perform work-related tasks. See 20 CFR §§ 404.1545 and 416.945.

9

devoid of clinical findings to corroborate the opinions, do not justify the ALJ's rejection of Dr. Lum's opinions. Defendant argues that the ALJ's findings are sufficient to justify his rejection of Dr. Lum's opinions.

Pursuant to 20 C.F.R. § 404.1527(d)(2), the ALJ must give controlling weight to the opinion of a treating physician if the ALJ finds the opinion "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and "not inconsistent with the other substantial evidence in [the] case record." If the ALJ decides not to give the opinion of a treating source controlling weight, the ALJ must consider factors such as the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the treating source in determining what weight to give the opinion. Id.

Opinions of non-examining physicians are generally given less weight than treating physicians. Lester v. Chater, 81 F.3d 821 (9th Cir. 1995).  If the ALJ rejects the opinion of a treating physician, he must provide "'specific and legitimate reasons' supported by the record for so doing." Murray v. Heckler, 722 F.2d 499, 502 (9th Cir. 1983).  The ALJ may properly reject a treating physician's opinion where the opinion of disability is inconsistent with noted improvement and the claimant's level of activity, not supported by the findings of any doctor, or so extreme as to be implausible. Rollins v. Massanari, 261 F.3d 853, 856 (9th Cir. 2001).  The ALJ may also reject a treating physician's opinion that is "conclusory, brief, and unsupported by the record as a whole." Batson v. Commissioner of Social Security Administration, 359 F.3d 1190, 1195 (9th Cir. 2004).

The ALJ gave limited weight to Dr. Lum's opinion because "Dr. Lum identified no other laboratory and/or diagnostic test results to support his diagnosis

besides the February 2000 MRI scan of the cervical spine" and "the longitudinal progress notes do not set forth objective clinical findings consistent with Dr. Lum's most recently prepared statement." AR at 25. For example, the ALJ noted that in addition to prescribing pain medication, Dr. Lum only indicated that Plaintiff should pace himself and avoid over exertion. AR at 23. Despite this finding, Dr. Lum opined that Plaintiff was disabled. Id.

The ALJ found the opinions of Drs. Okamoto, Hunsaker, and Sakoda to be more persuasive because they prepared well-reasoned reports that set forth detailed clinical findings which were consistent with the medical evidence. AR at 25. Therefore, the ALJ gave substantial weight to their opinions as well as the opinion of the Agency medical consultant who reviewed the file at the reconsideration level. Id.

Dr. Okamoto examined Plaintiff in April 2000 and opined that Plaintiff was capable of work with some restrictions. AR at 23. Dr. Hunsaker examined

Plaintiff in October 2001 and disagreed with part of Dr. Lum's diagnosis. AR at 24. Dr. Sakoda saw Plaintiff in March 1999 and opined that Plaintiff did appear to have some injury to his cervical and lumbar spines. AR at 22.

The Agency medical consultant determined that Plaintiff "would be capable of lifting/carrying ten pounds frequently; sitting about six hours in an eight hour day,; and, standing/walking six hours in an eight hour day." AR at 25. The ALJ found that the Agency medical consultant's determination was consistent with the objective findings and clinical studies. AR at 25-26.

After careful consideration of the entire record, the ALJ determined that Dr. Lum's opinion was not as reliable as examining physicians Dr. Sakoda, Dr. Okamoto, and Dr. Hunsaker. The ALJ gave specific and legitimate reasons for his decision. The Court finds that the ALJ based his decision to reject Dr. Lum's opinion on substantial evidence in the record presented

to him.  Consequently, the ALJ did not err in affording limited, rather than controlling weight to Dr. Lum's opinion.

>    B.  <u>The ALJ Considered the Side Effects of Plaintiff's Medications</u>

Plaintiff also claims that the ALJ erred in failing to consider the side effects of his medications in determining his residual functional capacity. Defendant argues that the ALJ was not required to explain how much weight he gave to Plaintiff's alleged medication side effects.

"In determining credibility, an ALJ may engage in ordinary techniques of credibility evaluation, such as considering claimant's testimony for truthfulness and inconsistencies in claimant's testimony." <u>Burch</u>, 400 F.3d at 681 (citation omitted).  Social Security Ruling 88-13 lists the following factors that the ALJ may also consider: "(1) the nature, location, onset, duration, frequency, radiation, and intensity of any pain; (2) precipitating and aggravating factors (e.g., movement, activity, environmental conditions); (3)

type, dosage, effectiveness, and adverse side-effects of any pain medication; (4) treatment, other than medication, for relief of pain; (5) functional restrictions; and (6) the claimant's daily activities."

Based on the record as a whole, the ALJ determined that Plaintiff's testimony regarding his limitations was not totally credible.  AR at 30.  Nevertheless, the record demonstrates that the ALJ acknowledged Plaintiff's testimony regarding medication side effects of drowsiness, fatigue, and impaired concentration.  AR at 28.  However, the ALJ noted that Plaintiff also indicated that he was able to drive on occasion, socialize with friends, and spend time with his children.  Id.  Furthermore, other evidence controverts Plaintiff's assertions regarding his condition.  For example, Dr. Loomis opined that Plaintiff did not demonstrate limitations in his concentration, persistence, or pacing; Dr. Carpenter opined that Plaintiff's ability to understand and recall simple directions was adequate.  AR at 26-27.

15

Given the facts, the ALJ was entitled to draw inferences logically flowing from the evidence. Macri v. Chater, 93 F.3d 540, 544 (9th Cir. 1996). Based on the discrepancies between Plaintiff's assertions and the medical information contained in the record, the ALJ did not err in failing to give substantial weight to Plaintiff's testimony concerning his medication side effects.

## CONCLUSION

Based on the foregoing, the Court finds that the ALJ's determination that Plaintiff was not disabled within the meaning of the Social Security Act was supported by substantial evidence supported by the record as a whole and that the ALJ applied the proper legal standard. Accordingly, the Court FINDS and RECOMMENDS that Plaintiff's appeal from that determination pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) be DENIED, and the ALJ's decision be AFFIRMED.

IT IS SO FOUND AND RECOMMENDED.

Dated:  Honolulu, Hawaii, May 16, 2006.



_____
Kevin S.C. Chang
United States Magistrate Judge

CV 05-00255 HG-KSC.  <u>ALVIN A. TORRES vs.</u>
<u>JO ANNE BARNHART, COMMISSIONER OF SOCIAL SECURITY</u>; FINDINGS AND
RECOMMENDATION TO AFFIRM THE DECISION OF THE ADMINISTRATIVE LAW
JUDGE