IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ALVIN A. TORRES, JR., | ) | CIVIL NO. 05-00255 HG-KSC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER ADOPTING THE FINDINGS AND RECOMMENDATION OF THE MAGISTRATE JUDGE TO AFFIRM THE DECISION OF THE ADMINISTRATIVE LAW JUDGE**

Plaintiff Alvin Torres, through counsel, brought this action to obtain judicial review of an unfavorable final administrative decision on his 2001 applications for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB"). The Magistrate Judge has recommended that the ALJ's decision applied the proper legal standard, is supported by substantial evidence in the record as a whole, and should be affirmed. (Doc. 23). The Court agrees, and finds that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time period. Accordingly, Plaintiff's objections are OVERRULED, and the Findings and Recommendation is ADOPTED.

**OBJECTIONS PRESENTED**

Plaintiff specifically objects that 1) "the ALJ's conclusion regarding the treating physician, Dr. Lum, is not supported by substantial evidence" (Doc. 24, p. 4), and 2) the Magistrate Judge should not have accepted the ALJ's determination that Plaintiff's testimony about the side effects of his medication was not fully credible. (Doc. 24, p. 5). Plaintiff contends that the Magistrate Judge relied upon inapplicable case law in both instances.

**FACTUAL BACKGROUND**

The facts will be briefly summarized. Plaintiff was born on June 30, 1972. At the age of 13, he suffered some injuries in a car accident. He thereafter graduated from high school and attended at least two years of college, studying computer science. He worked as a computer technician for approximately five years, from 1990 to 1995. Plaintiff alleges he stopped working because of alleged neck pain and headaches that he attributes to aggravation of injuries from the 1986 car accident.

On December 28, 1998, Plaintiff filed applications for SSI and DIB benefits, with an alleged onset of disability on December 27, 2000. Such claims were denied initially and on reconsideration, and Plaintiff did not appeal. In May of 2000, Plaintiff resumed working as a grounds manager to maintain sprinkler systems and perform landscaping. This work was later

classified by the vocational expert as "heavy". Plaintiff worked at this job for approximately eight months, but was fired on January 27, 2001 for poor attendance.

## **PROCEDURAL HISTORY**

Several months later on May 15, 2001, Plaintiff filed an application for DIB, and on July 3, 2001, an application for SSI. In both applications, he alleged that he was disabled due to chronic neck and back pain. The Commissioner denied these applications initially and on reconsideration. Upon Plaintiff's timely request, an Administrative Law Judge ("ALJ") held an evidentiary hearing on June 12, 2003, at which plaintiff and a vocational expert testified. On September 4, 2003, the ALJ issued a decision finding that Plaintiff retained the functional capacity to do light work and was not disabled within the meaning of the Social Security Act. (AR 21-31). On February 10, 2005, the Appeals Council declined to review the claim.

Plaintiff then sought judicial review by filing a complaint in federal court on April 12, 2005. After briefing by the parties, Magistrate Judge Kevin S.C. Chang entered his "Findings and Recommendation to Affirm the Decision of the Administrative Law Judge" on May 16, 2006. (the "F&R", Doc. 23). On May 30, 2006, Plaintiff filed written objections (Doc. 24), and on June 9, 2006, the Commissioner responded. (Doc. 27). This matter is ripe for review.

**STANDARD OF REVIEW**

A claimant is disabled under the Social Security Act if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).

The Commissioner's decision must be affirmed by the district court if it is based on proper legal standards and the findings are supported by substantial evidence on the record as a whole.  See 42 U.S.C. § 405(g); Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971); see also, Tylitzki v. Shalala, 999 F.2d 1411, 1413 (9th Cir. 1993).

If a party files written objections to the magistrate judge's "Findings and Recommendation", the district court must review de novo those portions to which objection is made.  28 U.S.C. § 636(b)(1); and see, United States v. Raddatz, 447 U.S. 667, 673 (1980).  The district court may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge, or recommit the matter to the magistrate judge with further instructions. Id. at 673-74. The

district court must arrive at its own independent conclusion about those portions to which objections are made.  <u>United States v. Remsing</u>, 874 F.2d 614, 617-18 (9th Cir. 1989).

### **ANALYSIS**

Plaintiff contends that the ALJ improperly rejected the functional capacity assessment of his treating physician, Dr. Wayne Lum. Plaintiff generally asserts that the federal regulations and "caselaw of this Circuit gives treating sources the most weight, not the consultive examiners." (Plaintiff's Obj., Doc. 24 at 2.) He then specifically objects that "neither the ALJ nor the Magistrate Judge detailed any clinical findings consistent with the medical evidence the examining doctors provided that Dr. Lum, the treating physician, did not". (Plaintiff's Obj., Doc. 24 at 2). Plaintiff further objects that the treating physician should have been given the "most weight" because he never "indicated findings inconsistent with his assessments of Mr. Torres".

The ALJ will give a treating physician's opinion controlling weight if it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record...."  20 C.F.R. § 404.1527(d)(2).  "[A]n ALJ may not reject treating physicians' opinions unless he 'makes findings setting forth specific, legitimate reasons for doing so that are based on

substantial evidence in the record.'"  Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996)(citation omitted).

The Magistrate Judge correctly cited the relevant regulation, 20 C.F.R. § 404.1527(d)(2), and then pointed to specific and legitimate reasons given by the ALJ for assigning the treating physician's opinion limited weight. For example, the Magistrate Judge pointed out that the ALJ set forth that Dr. Lum's longitudinal progress notes failed to provide adequate "objective clinical findings" to support his prepared statement, citing the portion of the ALJ's decision at AR 25.

As noted by the Magistrate Judge, the ALJ also indicated that Dr. Lum had recommended only conservative treatment consisting of pain medication and that he had merely recommended that Plaintiff "avoid over exertion".[1]  Although Plaintiff claimed to be totally disabled, the Magistrate Judge and the ALJ both noted that the treating physician had relied largely on an MRI taken in February of 2000 which, according to Dr. Lum, showed only "mild impingement" and "mild disc bulges". (See AR 23.)

The Magistrate Judge correctly found that the ALJ's decision to give substantial weight to the opinions of three examining physicians and limited weight to the assessment of the treating

---

[1]The ALJ noted that Dr. Lum examined Plaintiff in 1997 and indicated neurological results within normal limits. (AR 22.)

physician was based on specific and legitimate reasons and supported by substantial evidence in the record as a whole. The Magistrate Judge reviewed and found support for the ALJ's opinion in the three examining physicians' reports: 1) the April 2000 examination by Dr. Gary Okamoto, an internist (noting that Plaintiff walked without a limp, and concluding that Plaintiff was capable of working within some restrictions), 2) the October 2001 examination by Dr. Colleen Hunsaker, an osteopath (disagreeing with Dr. Lum's diagnosis of cervical disc bulging at three levels, finding only mild impingement at C4-5 with no C5 lesion, and further finding that Plaintiff had good strength and muscle reflexes), and 3) the March 1999 examination by Dr. Thomas Sakoda, a neurosurgeon (finding that Plaintiff walked with a normal gait, was within normal limits neurologically, and had no neurological abnormalities, such as incoordination, atrophy, or weakness). (AR 22-24.) The ALJ noted that although Dr. Sakoda indicated "tenderness suggestive of a facet sprain", such physician further indicated that Plaintiff's lumbar and cervical X-rays appeared normal. (AR 22, 251.)

   The Magistrate Judge specifically referred to the portion of the record where the ALJ discussed in detail these examining physicians' "well-reasoned reports that set forth detailed clinical findings which were consistent with the medical evidence". (F&R, Doc. 23 at 12-13, citing AR 25.) The Magistrate

Judge correctly recommended that the ALJ based his decision on substantial evidence of record.

Plaintiff next contends that the Magistrate Judge incorrectly relied on Rollins v. Massanari, 261 F.3d 853, 856 (9th Cir. 2001) and argues that such case is factually distinguishable. In the first place, the Magistrate Judge appropriately cited Rollins for its legal holding that an ALJ may properly reject a treating physician's opinion where the opinion of disability is inconsistent with noted improvement and the claimant's level of activity, is not supported by the findings of any doctor, or is so extreme as to be implausible. (F&R, Doc. 23 at 11.)

Although Plaintiff claims that several of these factors do not apply to his case and that Rollins is factually distinguishable, Rollins is similar in that the treating physician had also prescribed a conservative course of treatment, such as avoiding "strenuous activity", had noted the claimant's improvement, and had indicated extreme restrictions for which there was no medical basis. Rollins, 261 F.3d at 856.

Plaintiff argues that "here there is no finding by the treating physician that Mr. Torres had improved, nor has Dr. Lum every [sic] reported 'implausible findings' that were contradicted by findings in his contemporaneous notes." (Plaintiff's Obj., Doc. 24 at 2). Contrary to Plaintiff's

allegations, Dr. Lum did repeatedly indicate that Plaintiff's condition improved with medication. In her reply to Plaintiff's objections, the Commissioner specifically points out numerous places in the record where Dr. Lum had so indicated. (Defendant's Reply, Doc. 27 at 4). Dr. Lum's opinion of "total disability" was inconsistent with his own notes indicating improvement with medication and his suggested course of conservative treatment. The ALJ properly gave less weight to the opinion of this physician.

As for Plaintiff's level of activity, the ALJ pointed out that Plaintiff himself has indicated that he works on his computer, writes a lot, socializes, sometimes walks his dog, works in his garden, takes care of his own hygiene, plays with his young children, cooks his own meals, and goes grocery shopping. (AR 24, 26-27.) Consultive examiners observed that Plaintiff had no difficulty sitting for his appointments, even for as long as an hour. (AR 311.)[2]

With respect to unsupported or implausible findings, Dr. Lum check-marked on a questionnaire that Plaintiff needed an

---

[2]Interestingly, a 1/30/2002 emergency room report by treating psychiatrist Dr. Takeshita indicated that Plaintiff self-reported that he was successfully working, but intended to "retire" and obtain social security benefits. (AR 532.) The report further indicated that Plaintiff had appropriate affect, was pleasant and cooperative, showed no psychomotor abnormalities, had regular speech, and no cognitive deficits. Plaintiff also told the doctor he might go back to work if he got "bored".

assistive device to walk, despite the fact that none was ever prescribed and no diagnostics by any doctor supported the need for such device. (Defendant's Reply, Doc. 27 at 5). The three consultive examining physicians indicated that Plaintiff walked without a limp, showed neurological abilities within normal limits, and had no muscle weakness or atrophy. The Magistrate Judge specifically referred to the opinions of these three examining physicians, which the ALJ had discussed in significant detail.[3] The record indicates Dr. Lum's assessment of total disability was not adequately supported by diagnostic tests and clinical findings and, in some instances, his conclusions were so extreme as to be implausible. The Magistrate Judge properly cited Rollins.

To the extent Plaintiff also contends that the Magistrate Judge improperly relied on Batson v. Commissioner of Social

---

[3]The Magistrate Judge also cited Lester v, Chater, 81 F.3d 821, 830 (9th Cir. 1996) for the proposition that "opinions of non-examining physicians are generally given less weight than treating physicians." (F&R at 11.) Such proposition is correct, and the ALJ indicated that a non-examining agency medical consultant had reviewed the medical file. The ALJ noted that such non-examining physician's determination was consistent with the objective findings and clinical studies. (AR 25-26.) Of course, Plaintiff's objection concerns the ALJ's decision to discount the inadequately-supported opinion of the *treating* physician and to give more weight to the opinions of the three *examining* physicians. Regardless, the Magistrate Judge utilized the correct analysis in determining that the ALJ had provided "specific and legitimate reasons" for giving less weight to Dr. Lum's opinion and in finding that the ALJ's decision was supported by substantial weight in the record as a whole.

Security Administration, 359 F.3d 1190, 1195 (9th Cir. 2004), the Magistrate Judge correctly cited Batson for the proposition that an ALJ may properly reject a treating physician's opinion that is "conclusory, brief, and unsupported by the record as a whole". In Batson, the Ninth Circuit Court of Appeals held that the ALJ did not err in giving minimal weight to the opinions of a treating physician because it was not adequately supported by objective evidence and was contradicted by other medical statements. Id. at 1195. The Magistrate Judge observed that the ALJ had accurately indicated "Dr. Lum identified no other laboratory and/or diagnostic test results to support his diagnosis besides the February 2000 MRI scan of the cervical spine" and that his "progress notes do not set forth objective clinical findings consistent with Dr. Lum's most recently prepared statement". (F&R, Doc. 23 at 11-12, citing AR 25.) Plaintiff's objection that the Magistrate Judge should not have cited Batson provides no ground for reversal or remand.

With respect to the second objection, Plaintiff contends that the Magistrate Judge should not have accepted the ALJ's credibility determination regarding Plaintiff's testimony about the side effects of his pain medication,[4] such as drowsiness and

---

[4]The record reflects that Plaintiff was taking various pain killers, including "continuous release morphine", Percocet as needed, and Demerol once a week by injection at his treating physician's office. (AR 360, 531.) The record also reflects that on April 21, 2002, Plaintiff sought pain medication from a

impaired ability to concentrate. Plaintiff acknowledges that the Magistrate Judge determined that the ALJ *did* consider Plaintiff's testimony, but found it less than fully credible for several reasons, including Plaintiff's self-reported activities. (F&R, Doc. 23 at 15.)

The Magistrate Judge pointed out that other evidence also controverted the full credibility of Plaintiff's testimony. He noted that the examination report by psychological consultive examiner, Dr. Georgia Carpenter indicated that Plaintiff had an adequate ability to understand and recall simple directions. (AR 26-27.) Her report also indicates Plaintiff has a high average IQ, with excellent judgment and ability to focus on visual materials, and that he "did not demonstrate any exaggerated-type pain behavior". (AR 359.)

The ALJ also indicated that a second psychological consultive examiner, Dr. Tom Loomis, had found that Plaintiff demonstrated no limitations in his concentration, persistence, or pacing. (AR 26, 315) (indicating clear and logical thought processes by Plaintiff, and observing that "[b]ehaviorally, he

---

hospital emergency room, but the attending physician indicated that Mr. Torres "has had multiple visits to various emergency departments this past month and that in my impression he was in no severe distress" and that "there were no neurological findings on examination". (AR 547-548.)

presented as more able to do these activities[5] than he describes").

To the extent Plaintiff complains that these doctors are psychological examiners with Ph.D. degrees, rather than physicians with M.D. degrees, the regulation at 20 C.F.R. § 404.1527 defines "medical opinions" as "statements from physicians and psychologists and other acceptable medical sources,". See also, Lester, 81 F.3d at 830-831. Such professionals are certainly qualified to assess whether the Plaintiff was exhibiting mental limitations, such as an inability to concentrate, remember, or understand directions.

Finally, to the extent Plaintiff claims the Magistrate Judge improperly relied on Macri v. Chater, 93 F.3d 540, 544 (9th Cir. 1996), the Magistrate Judge correctly cited such case for the general proposition that an ALJ may draw inferences logically flowing from the evidence. Although Plaintiff argues that Macri is factually different from his own case, a case need not be factually identical for common legal principles to apply. Given the evidentiary record as a whole, including the findings of the consultive mental examiners, the ALJ could properly draw the inference that Plaintiff was exaggerating his alleged inability to concentrate. Plaintiff's objection is not well-taken.

---

[5] The examiner was referring to sitting, standing, walking, bending over, and lifting.

**CONCLUSION**

In accordance with the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's Objections are OVERRULED;

2. The Findings and Recommendation to Affirm the Decision of the Administrative Law Judge (Docket No. 23) is ADOPTED as the opinion and order of this Court.

3. The decision of the Administrative Law Judge is AFFIRMED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, September 11, 2006.



          /s/ Helen Gillmor
Chief United States District Judge

Civil No. 05-00255 HG-KSC; Torres v. Barnhart; ORDER ADOPTING THE FINDINGS AND RECOMMENDATION OF THE MAGISTRATE JUDGE TO AFFIRM THE DECISION OF THE ADMINISTRATIVE LAW JUDGE